IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:23CR260-1 |
| v. | : | |
| JAROD GABRIEL SEEMUNGAL | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, JAROD GABRIEL SEEMUNGAL, in his own person and through his attorney, Kathleen A. Gleason, and have entered into this Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. References in this Plea Agreement to the United States mean the United States Attorney for the Middle District of North Carolina and the Computer Crime and Intellectual Property Section of the United States Department of Justice. The terms of the agreement are as follows:

1. The defendant, JAROD GABRIEL SEEMUNGAL, is presently under Superseding Indictment in case number 1:23CR260-1, which charges him in Count One with a violation of Title 18, United States Code, Sections 1343 and 1349, conspiracy to commit wire fraud; which charges him in Count Two with a violation of Title 18, United States Code, Section 1201(c), conspiracy to commit kidnapping; which charges him in Count Three with a

violation of Title 18, United States Code, Section 1951(a), conspiracy to commit Hobbs Act Robbery; which charges him in Counts Four, Five, and Six with violations of Title 18, United States Code, Sections 1343 and 2, wire fraud; which charges him in Count Seven with a violation of Title 18, United States Code, Sections 1201(a)(1) and 2, kidnapping; which charges him in Count Eight with a violation of Title 18, United States Code, Sections 1951(a) and 2, Hobbs Act Robbery; and which charges him in Count Nine with a violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2, brandishing a firearm during and in relation to a crime of violence.

2. The defendant, JAROD GABRIEL SEEMUNGAL, will enter a voluntary plea of guilty to Counts One, Two, and Seven of the Superseding Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, JAROD GABRIEL SEEMUNGAL, understands that the maximum term of imprisonment provided by law for Count One of the Superseding Indictment herein is not more than twenty years, and the maximum fine for Count One of the Superseding Indictment herein is $250,000, or both. If any person derived pecuniary gain from the

offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JAROD GABRIEL SEEMUNGAL, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

  b. The defendant, JAROD GABRIEL SEEMUNGAL, also understands that, as to Count One, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, JAROD GABRIEL SEEMUNGAL, understands that the maximum term of imprisonment provided by law for Counts Two and Seven of the Superseding Indictment herein is any term of years or life imprisonment, as to each count, and the maximum fine for Counts Two and Seven of the Superseding Indictment herein is $250,000, or both, as to each count. If any person derived pecuniary gain from the offenses, or if the offenses resulted in pecuniary loss to a person other than the defendant, JAROD GABRIEL SEEMUNGAL, the defendant may, in the alternative, be

3

fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

    d.  The defendant, JAROD GABRIEL SEEMUNGAL, also understands that, as to Counts Two and Seven, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    e.  The defendant, JAROD GABRIEL SEEMUNGAL, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victims of the offenses to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1).

    f.  The defendant, JAROD GABRIEL SEEMUNGAL, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing

court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    g. The defendant, JAROD GABRIEL SEEMUNGAL, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JAROD GABRIEL SEEMUNGAL, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, JAROD GABRIEL SEEMUNGAL, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

  3. By voluntarily pleading guilty to Counts One, Two, and Seven of the Superseding Indictment herein, the defendant, JAROD GABRIEL

5

SEEMUNGAL, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JAROD GABRIEL SEEMUNGAL, is going to plead guilty to Counts One, Two, and Seven of the Superseding Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, JAROD GABRIEL SEEMUNGAL, to Counts One, Two, and Seven of the Superseding Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Superseding Indictment as to the defendant, JAROD GABRIEL SEEMUNGAL. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. It is understood that if the Court determines at the time of sentencing that the defendant, JAROD GABRIEL SEEMUNGAL, qualifies for

a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  c. The defendant, JAROD GABRIEL SEEMUNGAL, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, JAROD GABRIEL SEEMUNGAL, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

  d. The defendant, JAROD GABRIEL SEEMUNGAL, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

  e. The defendant, JAROD GABRIEL SEEMUNGAL, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record

7

Case 1:23-cr-00260-WO   Document 48   Filed 12/15/23   Page 7 of 14

pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      f.      Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, JAROD GABRIEL SEEMUNGAL, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, JAROD GABRIEL SEEMUNGAL, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

      g.      The defendant, JAROD GABRIEL SEEMUNGAL, in exchange for the United States' agreement to dismiss the remaining counts of the Superseding Indictment herein, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, JAROD GABRIEL SEEMUNGAL, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory

8

maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of his guilty plea.

  h. The defendant, JAROD GABRIEL SEEMUNGAL, in exchange for the United States' agreement to dismiss the remaining counts of the Superseding Indictment herein, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, JAROD GABRIEL SEEMUNGAL, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the United States appeals the sentence.

  i. The defendant, JAROD GABRIEL SEEMUNGAL, agrees that the Factual Basis, Docket Entry __46__, is accurate and can be used against him for any purpose, regardless of any prior agreement referencing U.S.S.G. § 1B1.8.

9

6. With regard to forfeiture, the United States and the defendant, JAROD GABRIEL SEEMUNGAL, agree as follows:

a. The defendant, JAROD GABRIEL SEEMUNGAL, knowingly and voluntarily consents and agrees to forfeit to the United States any and all interest in property, real or personal, which constitutes or is derived from proceeds traceable to the offenses to which the defendant is pleading guilty, including but not limited to the following:

1. a money judgment in an amount no less than $1,618,848.00, representing the value of the property subject to forfeiture as a result of the offenses; and

2. 2020 BMW M8 Coupe AWD, VIN #WBSAE0C01LCD54562.

The defendant acknowledges that the defendant's interest in the foregoing property is subject to forfeiture based on the offenses to which the defendant is pleading guilty.

b. The defendant agrees to identify all assets over which they exercise or exercised control, directly or indirectly, within the past six years, or in which they have or had during that time any financial interest.

c. The defendant agrees to take all steps as requested by the United States to pass clear title of any assets subject to forfeiture to the United

10

States, including but not limited to surrender of title and execution of documents necessary to transfer their interests in such property. The defendant further agrees to take necessary steps to ensure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

      d.    The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant withdraws any claim submitted in a previous administrative forfeiture and waives all timing requirements applicable to the administrative forfeiture process, including but not limited to the deadline for sending notice of administrative forfeiture. The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise them of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

Case 1:23-cr-00260-WO   Document 48   Filed 12/15/23   Page 11 of 14

e. The defendant knowingly and voluntarily waives their right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

f. Defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

g. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive them, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the forfeiture, including any money judgment amount, is collected in full.

12

7. The defendant, JAROD GABRIEL SEEMUNGAL, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, JAROD GABRIEL SEEMUNGAL, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, JAROD GABRIEL SEEMUNGAL, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, JAROD GABRIEL SEEMUNGAL, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash

or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This, the 15 day of December, 2023.

SANDRA J. HAIRSTON
United States Attorney

KATHLEEN A. GLEASON
Attorney for Defendant

ERIC L. IVERSON
Trial Attorney
Department of Justice, CCIPS

JAROD GABRIEL SEEMUNGAL
Defendant

Assistant United States Attorney
Middle District of North Carolina

/S/ JGM

14